Faugno & Associates, L.L.C.
Paul Faugno, Esq.
120 State Street
Hackensack, New Jersey 07601
Telephone: (201) 342-1969
Facsimile: (201) 342-2010
Paul@faugnolawfirm.com
*Attorneys for Plaintiff, Emily D. Strife*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| E.S.,<br><br>                          Plaintiff,<br><br>v.<br><br>ESSEX COUNTY, NEW JERSEY; ESSEX COUNTY DEPARTMENT OF CORRECTIONS; WARDEN OF THE ESSEX COUNTY JAIL, individually and in his official capacity; ESSEX COUNTY CORRECTIONS OFFICER SHAWN D. SHAW (SS), individually and in his official capacity; JANE DOES and JOHN DOES 1-10; and XYZ CORPORATIONS 1-10,<br><br>                         Defendants. | Civil Action No.:  2:21-cv-08512<br><br>**AMENDED COMPLAINT<br>AND JURY DEMAND** |

Plaintiff, E.S. by and through her attorneys, Faugno & Associates, L.L.C., for her Amended Complaint alleges as follows:

## PARTIES

1.      Plaintiff is a citizen and resident of the State of Florida.

2.      Defendant Essex County is a governmental body operating in the State of New Jersey.

3.      At all times relevant to the allegations herein, Defendant Essex County, by and through each Defendant named in the caption thereunder, owned, operated, controlled, or employed the entities and agents that caused harm upon Plaintiff, including the Essex County Correctional Center.

4.      At all times relevant to the allegations herein, Defendant Essex County, by and through each Defendant named in the caption thereunder, owed, operated, and controlled, and were responsible for providing supervision and control over the entirety of the correctional facility in which Plaintiff was confined, including, specifically, the area in which she was confined.

5.      At all times relevant to the allegations herein, Defendant Essex County, by and through each Defendant named in the caption thereunder, owed, operated, and controlled, and were responsible for providing supervision and control over the entirety of the correctional facility in which Plaintiff was confined, including, specifically, the area in which she was confined and raped.

2

6.    At all times relevant to the allegations herein, Plaintiff was in the custody of Defendant Essex County, by and through each Defendant named in the caption thereunder.

7.    At all times relevant to the allegations herein, Officer Sean D. Shaw, an agent servant and/or employee of Essex County, was responsible for monitoring the inmate population within which Plaintiff was confined.

8.    At all times relevant to the allegations herein, Officer Shaw acted under the color of law.

## JURISDICTION AND VENUE

9.    Plaintiff is suing under 42 U.S.C. § 1983 and, a civil rights law passed by Congress that provides a remedy to persons who have been deprived of their federal constitutional and statutory rights under color of state law.

10.    The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1343 to secure the protection of and to redress the deprivation of rights secured by the Fourteenth Amendment to the United States Constitution as enforced by 42 U.S.C. § 1983 and 42 U.S.C. § 1988, which provides for the protection of all persons in their civil rights and the redress of the deprivation of right under the color of law.

11.    The jurisdiction of this Court is also invoked pursuant to 28 U.S.C. § 1331 in order to resolve a controversy arising under the Constitution or laws of the

United States, particularly the Fourteenth Amendment to the United States Constitution at 42 U.S.C. § 1983.

12.    This court also has jurisdiction based upon Federal Diversity Jurisdiction pursuant to 28 U.S.C. 1332. Plaintiff is a resident of the State of Florida. Defendants herein are all entities with their principle places of business in the State of New Jersey and/or individuals who are residents of the State of New Jersey.

13.    Therefore, complete diversity of citizenship exists. The amount in controversy, exclusive of interest and costs, exceeds to the sum of $75,000.

14.    This court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over all state claims pleaded herein.

15.    This court has personal jurisdiction over Defendants.

16.    Venue is proper in the District of New Jersey pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this District, most specifically Officer Shaw's rape of Plaintiff.

## FACTUAL BACKGROUND

17.    On December 28, 2010, Shawn D. Shaw (hereinafater "SS") was employed as a corrections officer for the Essex County Department of Corrections at the Essex County Jail. On that date, Plaintiff was an inmate at the Essex County Jail. At approximately 2:45 a.m. on that date, SS opened Plaintiff's cell door, entered her cell, and raped her.

18.    When SS raped Plaintiff, he was the only officer on duty on the female tier and was logged into the computer console that controls the cell doors.

19.    SS had worked back-to-back shifts because the Essex County Corrections Facility was short-staffed. Though not normally assigned to the female tier, he was assigned to cover the 10:00 p.m. to 6:00 a.m. shift.

20.    During that shift, SS made sexually explicit comments to and inappropriate advances on several inmates, including Plaintiff.

21.    Inmate PB (hereinafter "PB") has indicated that SS came to her cell and offered her cigarettes in exchange for sexual intercourse on the night Plaintiff was raped, which she declined. PB also indicated that SS asked whether "Snow Bunny," referring to Plaintiff, would do so. PB further indicated that SS, in addition to having made his request to her in person, also made the same request over the intercom.

22.    Inmate SR (hereinafter "SR") has indicated that SS told her that he was going to enter her cell and engage in sexual acts on the night that he raped Plaintiff. She declined his advances and spent the night in fear of SS entering her cell and assaulting her.

23.    SS utilized the intercom several times to tell Plaintiff that he was going to enter her cell and engage in explicit sex acts with her, repeatedly referring to her as a "Becky," which is a derogatory term for a white female.

24.     When questioned about the incident, following a valid waiver of his <u>Miranda</u> rights, SS repeatedly asserted that he never opened the cell door, never entered the cell, and did not rape Plaintiff.  The cell door records make it abundantly clear that he lied.

25.     Subsequent DNA testing confirmed that SS's semen was in Plaintiff's vagina.

26.     On December 30, 2010, fellow Inmate EM(hereinafter "EM") informed Defendant Essex County Department of Corrections, (hereafter "ECPC"), that Plaintiff had been raped by SS.  Two (2) days prior, Plaintiff had communicated to him that SS had been "creepy," and later that day communicated to him that SS had used his body weight to pin her down.

27.     On that same date, Plaintiff was interviewed by the ECPC and indicated that SS came into her cell and raped her while she was telling him "don't."  First, after removing her pants and underwear, he penetrated her with his fingers, and then, without protection, he inserted his penis and  ejaculated inside of her vagina.  He then left.

28.     In her interview, Plaintiff also indicated that on December 27, 2010 into the morning hours of December 28, 2010, that, prior to SS raping her, that he referred to her as "Becky" and asked: "Are you going to let me hit that?"

29.    Fellow inmate LB (hereinafter "LB") indicated that she heard SS state over the intercom that "Becky, I'm going to eat your pussy."  Thereafter she fell asleep and did not hear SS enter the cell, but did hear Plaintiff crying at some point later in the night.

30.    In an interview given on December 31, 2010, SS admitted to working the shift at issue, but denied any contact with Plaintiff.  Rather, he indicated that while on shift he had watched a football game in the Central Processing Unit (C.P.U.) and then taken not one (1), but two (2) naps.

31.    The Door Report indicates that cell 2C1 204 was opened at 02:43:41 a.m. on December 28, 2010 and closed at 02:50:39 a.m. on the same date.

32.    The status of SS with Essex County after the disclosure of the various violations and rape committed against the Plaintiff is still the subject of investigation and continuing discovery.

33.    On October 7, 2013, following an investigation by the Federal Bureau of Investigation (F.B.I.), a federal grand jury returned a two-count indictment against SS charging him with one count of depriving Plaintiff of liberty without due process of law by engaging in acts that constitute aggravated sexual abuse while acting under the color of law, contrary to the provision of 18 U.S.C. § 242 (Count One); and one count of obstruction of justice, contrary to the provisions of 18 U.S.C. § 1512(b)(3).

34.    SS entered a plea of "not guilty" on November 6, 2013.

35.    SS proceeded to a jury trial in the Federal District Court, and after the conclusion of such, a guilty verdict was rendered  and a judgment of conviction was entered.  SS appealed this matter to the Third Circuit, and the Third Circuit  by written opinion affirmed the conviction.  Upon information and belief, SS is presently serving a 20 year sentence.

36.    Plaintiff, forced to face her rapist in the spotlight of media attention and cross-examination, testified as to her rape by SS and the failings of his employer and its employees.

37.    The Plaintiff, as a consequence of the rape and the aftermath was caused to suffer severe emotional and physical injuries and symptoms, including but not limited to post traumatic stress disorder, humiliation, indignity, sleep disturbance, fatigue, depression, anxiety, poor concentration, and the same will persist for the remainder of Plaintiff's life, and Plaintiff has occurred and will continue to occur expenses for medical and psychological treatment.

38.    All appropriate statutory notices have been timely filed prior to the institution of this action.

## **FIRST CAUSE OF ACTION**

39.    Plaintiff incorporates by reference all preceding paragraphs as if fully restated here.

40.    Defendant Shawn D. Shaw, an employee of Essex County and the Essex County Department of Corrections, indisputably acted under color of state law at all times relevant to the claims herein, using power that he possessed by virtue of state law, as he was clothed in the authority of the state and misusing the authority thereof.

41.    While acting under color of state law, Defendant Shawn D. Shaw deprived Plaintiff of her constitutional and statutory rights pursuant to 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments as they relate to excessive force.

42.    At all relevant times, there was no medical, legal, security, or other need for Defendant Shawn D. Shaw to pin Plaintiff down and rape her.

43.    By restraining her in such a manner and under the circumstances set forth herein, Defendant Shawn D. Shaw used excessive force in violation of the rights secured to her by the Fourth Amendment.

44.    As a direct result of the aforementioned misconduct, Plaintiff sustained the damages alleged herein, including compensatory and punitive damages, attorney's fees, and any other relief that the Court deems just and appropriate.

## **SECOND CAUSE OF ACTION**

45.    Plaintiff incorporates by reference all preceding paragraphs as if fully restated here.

46.    Defendant Shawn D. Shaw, an employee of Essex County and the Essex County Department of Corrections, indisputably acted under color of state law at all times relevant to the claims herein, using power that he possessed by virtue of state law, as he was clothed in the authority of the state and misusing the authority thereof.

47.    While acting under color of state law, Defendant Shawn D. Shaw deprived Plaintiff of her constitutional and statutory rights pursuant to 42 U.S.C. § 1983 and the Eighth and Fourteenth Amendments as they relate to excessive force.

48.    At all relevant times, there was no medical, legal, security, or other need for Defendant Shawn D. Shaw to pin Plaintiff down and rape her.

49.    By restraining her in such a manner and under the circumstances set forth herein, Defendant Shawn D. Shaw used excessive force in violation of the rights secured to her by the Eighth Amendment.

50.    As a direct result of the aforementioned misconduct, Plaintiff sustained the damages alleged herein, including compensatory and punitive damages, attorney's fees, and any other relief that the Court deems just and appropriate.

## THIRD CAUSE OF ACTION

51.    Plaintiff incorporates by reference all preceding paragraphs as if fully restated here.

10

52.    Defendant Shawn D. Shaw, an employee of Essex County and the Essex County Department of Corrections, indisputably acted under color of state law at all times relevant to the claims herein, using power that he possessed by virtue of state law, as he was clothed in the authority of the state and misusing the authority thereof.

53.    While acting under color of state law, Defendant Shawn D. Shaw deprived Plaintiff of her constitutional and statutory rights pursuant to 42 U.S.C. § 1983 and the Fourteenth Amendment as it relates to substantive due process.

54.    By restraining her in such a manner and raping her, and under the circumstances set forth herein, Defendant Shawn D. Shaw deliberately engaged in conduct that shocks the conscience.

55.    As a direct result of the aforementioned misconduct, Plaintiff sustained the damages alleged herein, including compensatory and punitive damages, attorney's fees, and any other relief that the Court deems just and appropriate.

## **FOURTH CAUSE OF ACTION**

56.    Plaintiff incorporates by reference all preceding paragraphs as if fully restated here.

57.    John Does 1-5 those with supervisory responsibilities over Officer Shaw with deliberate indifference to the consequences, established and maintained

11

a policy, practice or custom which directly caused the violation of Plaintiff's federal rights.

58.     John Does 1-5 those with supervisory responsibilities over Officer Shaw should have adopted a practice in which Corrections Officers were only permitted to supervise a unit with sufficient supervision of themselves.

59.     John Does 1-5 those with supervisory responsibilities over Officer Shaw should have adopted a practice in which units would be sufficiently staffed to ensure the health, safety, and welfare of the inmates and Corrections Officers.

60.     John Does 1-5 those with supervisory responsibilities over Officer Shaw should have adopted a practice in which a single Corrections Officer would not have sole control over the opening and closing of doors within a unit.

61.     John Does 1-5 those with supervisory responsibilities over Officer Shaw should have adopted a practice of hiring only officers who did not pose a risk to the health, safety, and welfare of the inmates.

62.     John Does 1-5 those with supervisory responsibilities over Officer Shaw should have adopted a policy to ensure that Corrections Officers would not have the opportunity to harass and intimidate the inmates.

63.     John Does 1-5 those with supervisory responsibilities over Officer Shaw should have adopted a policy to ensure that Corrections Officers would not have the opportunity to sexually assault the inmates.

64.    The existing customs and practices that described herein created an unreasonable risk of harm to Plaintiff.

65.    John Does 1-5 those with supervisory responsibilities over Officer Shaw was aware that this unreasonable risk existed.

66.    John Does 1-5 those with supervisory responsibilities over Officer Shaw were deliberately indifferent to that risk and this along with other omissions constitutes a *de facto* policy.

67.    Defendant Shawn D. Shaw's rape of Plaintiff resulted from John Does 1-5 those with supervisory responsibilities over Officer Shaw's failure to adopt any or all of the policies described herein.

68.    As a direct result of the aforementioned misconduct, Plaintiff sustained the damages alleged herein, including compensatory and punitive damages, attorney's fees, and any other relief that the Court deems just and appropriate.

## **FIFTH CAUSE OF ACTION**

69.    Plaintiff incorporates by reference all preceding paragraphs as if fully restated here.

70.    Plaintiff had a right to be safe and secure as an inmate of the Essex County Correctional Center, and be free of risk of physical assault by agents, servants and/or employees of Essex County and the Essex County Correctional Center.

71.    John Does 1-5, previously referenced, and John Does 6-10, various co-employees of Officer Shaw had a duty to intervene both prior to the attack on the Plaintiff when circumstances made it clear that such an attack was eminent, probable and/or possible and further had a duty to intervene during the attack on the Plaintiff.

72.    Upon information and belief, John Does 1-5 and John Does 6-10 had a reasonable opportunity to intervene based upon the circumstances pre-existing the rape and the rape itself.

73.    All of these John Doe Defendants referenced in previous paragraphs failed to intervene, in any fashion, and thereby was a proximate cause of the rape.

74.    As a direct result of the aforementioned misconduct, Plaintiff sustained the damages alleged herein, including compensatory and punitive damages, attorney's fees, and any other relief that the Court deems just and appropriate.

## SIXTH CAUSE OF ACTION

75.    Plaintiff incorporates by reference all preceding paragraphs as if fully restated here.

76.    The deprivation of Plaintiff's rights under the United States Constitution, resulted from Essex County's official policy or custom, including the widespread custom and well-settled practice of failing to adequately protect the health, safety, and welfare of inmates.

77.    The deprivation of Plaintiff's rights under the United States Constitution, resulted from Essex County's official policy or custom, including [inadequate training] [inadequate supervision] [inadequate screening during the hiring process] [failure to adopt a needed policy].

78.    Defendant Essex County's [inadequate training] [inadequate supervision] [inadequate screening during the hiring process] [failure to adopt a needed policy] Defendant Essex County's "official policy or custom" of failing to adequately protect the health, safety, and welfare of inmates made the violation of Plaintiff's rights under the US constitution which was a highly predictable consequence of the [inadequate training] [inadequate supervision] [inadequate screening during the hiring process] [failure to adopt a needed policy] and that Defendant Essex County was deliberately indifferent thereto.

79.    Defendant Essex County knew or should have known that the widespread inadequacies in protecting the health, welfare, and safety of inmates would result in constitutional injury.

80.    As a direct result of the aforementioned misconduct, Plaintiff sustained the damages alleged herein, including compensatory and punitive damages, attorney's fees, and any other relief that the Court deems just and appropriate.

## SEVENTH CAUSE OF ACTION

81.    Plaintiff incorporates by reference all preceding paragraphs as if fully restated here.

82.    Defendant Essex County's training program was inadequate to train its employees to carry out their duties.

83.    Defendant Essex County's failure to adequately train amounted to deliberate indifference to the fact that inaction would result in the violation of Plaintiff's rights under the United States Constitution.

84.    Defendant Essex County's failure to adequately train proximately caused the violation of Plaintiff's rights under the United States Constitution.

85.    As a direct result of the aforementioned misconduct, Plaintiff sustained the damages alleged herein, including compensatory and punitive damages, attorney's fees, and any other relief that the Court deems just and appropriate.

## EIGHTH CAUSE OF ACTION

86.    Plaintiff incorporates by reference all preceding paragraphs as if fully restated here.

87.    Defendant Essex County failed to adequately supervise its employees.

88.    Defendant Essex County's failure to adequately supervise amounted to deliberate indifference to the fact that inaction would result in the violation of Plaintiff's rights of the United States Constitution.

16

89.     Defendant Essex County's failure to adequately supervise proximately caused the violation of Plaintiff's rights of the United States Constitution.

90.     As a direct result of the aforementioned misconduct, Plaintiff sustained the damages alleged herein, including compensatory and punitive damages, attorney's fees, and any other relief that the Court deems just and appropriate.

## NINTH CAUSE OF ACTION

91.     Plaintiff incorporates by reference all preceding paragraphs as if fully restated here.

92.     Defendant Essex County failed to check adequately Defendant Shawn D. Shaw's background when hiring him.

93.     Defendant Essex County's failure to check adequately Defendant Shawn D. Shaw's background amounted to a deliberate indifference to the risk that a violation of Plaintiff's rights of the United States Constitution would follow the hiring decision.

94.     Defendant Essex County's failure to check adequately Defendant Shawn D. Shaw's background proximately caused the violation of that federal right.

95.     Adequate scrutiny of Defendant Shawn D. Shaw's background would have led a reasonable policymaker to conclude that it was obvious that hiring Defendant Shawn D. Shaw would lead to the particular type of harm that Plaintiff alleges, namely Plaintiff's rights of the United States Constitution.

96.    As a direct result of the aforementioned misconduct, Plaintiff sustained the damages alleged herein, including compensatory and punitive damages, attorney's fees, and any other relief that the Court deems just and appropriate.

## TENTH CAUSE OF ACTION

97.    Plaintiff incorporates by reference all preceding paragraphs as if fully restated here.

98.    Defendant Shawn D. Shaw acted intending to cause a harmful or offensive contact with the person of Plaintiff, or an imminent apprehension of such a contact.

99.    Plaintiff was thereby put in such imminent apprehension. A battery necessarily includes a preceding assault and in addition extends to actual, nonconsensual contact.

100.   As a direct result of the aforementioned misconduct, Plaintiff sustained the damages alleged herein, including compensatory and punitive damages, attorney's fees, and any other relief that the Court deems just and appropriate.

## ELEVENTH CAUSE OF ACTION

101.   Plaintiff incorporates by reference all preceding paragraphs as if fully restated here.

102.   Plaintiff alleges that Defendants were negligent in the manner in which they hired and supervised Defendant Shawn D. Shaw.

18

103.   Plaintiff further claims that as a result of Defendants' negligence, she was exposed to Defendant Shawn D. Shaw, a dangerous individual, who ultimately raped her.

104.   As a direct result of the aforementioned misconduct, Plaintiff sustained the damages alleged herein, including compensatory and punitive damages, attorney's fees, and any other relief that the Court deems just and appropriate.

## TWELFTH CAUSE OF ACTION

105.   Plaintiff incorporates by reference all preceding paragraphs as if fully restated here.

106.   The conduct of Defendants proximately caused a deprivation of Plaintiff's rights secured by the Fourth and Fourteenth Amendments to the United States Constitution, Article I, paragraph 1 of the New Jersey Constitution, and New Jersey state law, specifically N.J.S.A. 10:6-2c.

107.   Specifically, as set forth in detail above, Defendants deprived Plaintiff of her constitutionally secured right of enjoying and defending life and liberty, of acquiring, possessing, and protecting property, and of pursuing and obtaining safety and happiness.

108.   At all times relevant herein, Defendants were acting under the color of law and under the authority of the County of Essex.

109.   As a direct result of the aforementioned misconduct, Plaintiff sustained the damages alleged herein, including compensatory and punitive damages, attorney's fees, and any other relief that the Court deems just and appropriate. , Defendants were acting under the color of law and under the authority of the County of Essex.

110.   As a direct result of the aforementioned misconduct, Plaintiff sustained the damages alleged herein, including compensatory and punitive damages, attorney's fees, and any other relief that the Court deems just and appropriate.

**THIRTEENTH CAUSE OF ACTION**

111.   Plaintiff incorporates by reference all preceding paragraphs as if fully restated here.

112.   Defendants, Essex County, Essex County Department of Corrections, Warden of the Essex County Jail, Essex County Corrections Officers, Sean D. Shaw, John Does 1-10 and actual and/or constructive knowledge of Defendant, Sean D. Shaw's sexually inappropriate conduct and the Defendants' failed to reasonably protect Plaintiff against such conduct on the basis of her sex, female, and permitted this type of environment to fester within the Essex County Correctional Center.

113.   These Defendants violated New Jersey law against discrimination, contained within N.J.S.A. 10:5-1 *et seq.*, and by doing such created an intimidating,

offensive and hostile environment for the Plaintiff, all which fostered a culture by which the rape of the Plaintiff occurred.

114.    Defendants, Essex County and Essex County Correctional Center, are vicariously liable for the actions of its supervisory employees.

115.    Defendants, Essex County and Essex County Jail, knew or should have known of the past conduct of the Defendant, Sean D. Shaw, and they failed to take effective, immediate measures to end his offensive conduct.

116.    The conduct of Sean D. Shaw would not have occurred but for the Plaintiff's gender, female, a protective category of the New Jersey's law against discrimination.

117.    As a direct and proximate result of the breach and failures by these Defendants, Plaintiff was caused to suffer bodily injury, emotional distress/injury, and further injuries which will negatively effect Plaintiff for the remainder of her life.

**<u>FOURTEENTH CAUSE OF ACTION</u>**

118.    Plaintiff incorporates by reference all preceding paragraphs as if fully restated here.

119.    The Plaintiff, despite being incarcerated, was still entitled to her privacy and is protected from unreasonable intrusions on the Plaintiff's seclusion. Defendant, Sean D. Shaw, as an agent, servant and/or employee of Essex County,

Essex County Department of Corrections, when he entered the cell of the Plaintiff and raped her, committed a substantial invasion and interference with the Plaintiff's seclusion, and such would be highly offensive to an ordinary and reasonable person.

120.   At the time that Defendant, Sean D. Shaw, entered the cell of Plaintiff, he potentially intruded into the Plaintiff's seclusion without permission from the Plaintiff, and such intrusion was the cause of the Plaintiff's injuries.

121.   As a direct result of the aforementioned misconduct, Plaintiff sustained the damages alleged herein, including compensatory punitive damages, attorneys' fees and other relief that the Court deems just and appropriate.

## FIFTEENTH CAUSE OF ACTION

122.   Plaintiff incorporates by reference all preceding paragraphs as if fully restated here.

123.   Defendant, Sean D. Shaw, upon entering into the Plaintiff's cell, and forcibly raping her, committed an act of unlawful restraint against the Plaintiff.

124.   The physical restraint used against the Plaintiff was against the Plaintiff's will and when committed by the Defendant, Sean D. Shaw, was done with the intention of restraining and constraining the movement of the Plaintiff, thereby constituting an act of false imprisonment.

22

125.   As a direct result of the aforementioned misconduct, Plaintiff sustained the damages alleged herein, including compensatory punitive damages, attorneys' fees and any other relief that the Court deems just and appropriate.

## SIXTEENTH CAUSE OF ACTION

126.   Plaintiff incorporates by reference all preceding paragraphs as if fully restated here.

127.   The Plaintiff after the commission of the rape both individually and through others sought to report the crime which had been committed against her, at the hands of an agent, servant and employee of Essex County and the Essex County Department of Corrections.  However, her efforts were thwarted by a conspiratorial arrangements by John Does 1-10, the Warden of the Essex County Jail and Defendant, Sean D. Shaw.

128.   The actions taken in furtherance of this conspiracy, included but was not limited to efforts to intimidate the Plaintiff, efforts to conceal evidence and various other actions taken to dissuade the Plaintiff from proceeding with any further disclosure of the wrong doings.

129.   The Plaintiff has rights under the United States Constitution and the New Jersey State Constitution to report crimes which constitute an invasion of her life, liberty and property interests.  Through the actions of the various Defendants calculated toward diminishing and obstructing the rights of the Plaintiff as set forth,

the Defendants effectively engage in a conspiracy giving rise to a cause of action for damages under 42 U.S.C. 1985. This loss specifically prohibits conspiracies to either deter, by force, threat, or intimidation, any party or witness from testifying freely, fully and truthfully in a Federal Court or to injure any party because of her intention to testify in Federal Court.

130. As a direct result of the aforementioned misconduct, Plaintiff has sustained the damages alleged herein, including compensatory punitive damages, attorneys' fees and other relief the Court deems just and appropriate.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this Court enter Judgment in his favor against Defendants on all counts, awarding compensatory and punitive damages, and also awarding court costs, attorney's fees, and any other relief that the Court deems just and appropriate.

## JURY TRIAL DEMANDED

Plaintiff requests a jury trial on all claims.

Respectfully submitted,

**Faugno & Associates, L.L.C.**
Attorneys for Plaintiff,
Emily D. Strife

Dated: November 15, 201          /s/ Paul Faugno
                                 Paul Faugno, Esq.

24

## <u>CERTIFICATION PURSUANT TO LOCAL CIVIL RULE 11.2</u>

 I hereby certify that on this day, to the best of my knowledge, the matter in controversy is not the subject of any other action pending in any court, or of any pending arbitration or administrative proceedings.

 I certify under penalty of perjury that the foregoing is true and correct.

       **Faugno & Associates, L.L.C.**
       Attorneys for Plaintiff,
       Emily D. Strife


Dated:  November 15, 2021    /s/ Paul Faugno
       Paul Faugno, Esq.

25

## <u>CERTIFICATION PURSUANT TO LOVAL CIVIL RULE 201.1</u>

I hereby certify that the above-captioned matter is not subject to compulsory arbitration because Plaintiff's claims are based on an alleged violation of a right secured by the Constitution of the United States and Plaintiff's damages are in excess of $150,000.

I certify under penalty of perjury that the foregoing is true and correct.

**Faugno & Associates, L.L.C.**
Attorneys for Plaintiff,
Emily D. Strife

Dated:  November 15, 2021                    /s/ Paul Faugno
                                             Paul Faugno, Esq.